IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| **LINCOLN C. DAVIS,** ) | |
| ) | Bankruptcy No. 13-00168 |
| Debtor. ) | |
| ) | |

**OPINION RE: OBJECTION TO CLAIM OF HOMESTEAD EXEMPTION AND OBJECTION TO PROOF OF CLAIM #6**

These matters came before the Court on Creditor Gina Burns' Objection to Debtor's Homestead Exemption and Debtor's Objection to Burns' Proof of Claim #6. The Court held a hearing on the matters on July 16, 2013. Carol Dunbar, the Chapter 13 Trustee, appeared on behalf of herself. Attorney Derek Hong appeared for the Debtor, Lincoln C. Davis. Attorney Michael Mallaney appeared on behalf of Gina Burns. After hearing the arguments, the Court took the matters under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K).

STATEMENT OF THE CASE

Gina Burns, Debtor's former spouse, brought an Objection to Debtor's Claim of Homestead Exemption. Burns' objection is based on her assertion that she holds a lien on Debtor's homestead that Debtor cannot avoid under the homestead exemption. Debtor filed an Objection to Burns' Proof of Claim. Debtor alleges no lien exists, and therefore Burns' claim is unsecured. For the reasons that follow, the Court concludes that Burns does not hold a lien on Debtor's homestead.

## FINDINGS OF FACT

On March 26, 2012, Gina M. Davis (now Gina M. Burns) and Debtor Lincoln C. Davis were divorced by Decree of Dissolution of Marriage in Des Moines County, Iowa. The parties' Stipulated Agreement filed on February 5, 2012 provides that Debtor shall retain the property located at 600 West Yocum Lane, Mt. Pleasant, Iowa and that Debtor "shall pay [Burns] $15,000.00 as her one half equity in the home." In re the Marriage of Gina M. Davis and Lincoln Chad Davis, Henry County No. CDCV003095, Stipulation Agreement at 12 (Iowa Dist. Ct. Feb. 6, 2012). The Decree of Dissolution fully incorporated the parties' Stipulated Agreement and provided entry of judgment as required in the Stipulation. In re the Marriage of Gina M. Davis and Lincoln Chad Davis, Des Moines County No. CDCV003095, Decree of Dissolution of Marriage at 3 (Iowa Dist. Ct. March 26, 2012).

On February 14, 2013, Debtor filed a voluntary Chapter 13 petition. Schedule F of Debtor's petition lists Burns' $15,000 award as an unsecured, non-priority claim. Debtor also marked the claim as contingent, unliquidated, and disputed. Debtor claimed the property located at 600 West Yocum Lane, Mt. Pleasant, Iowa as exempt under the homestead exemption.

Burns filed an objection to Debtor's claim of a homestead exemption. Burns argues that the Decree of Dissolution provided her with a judgment lien against Debtor's homestead. Further, Burns argues Debtor cannot avoid this lien in

2

bankruptcy because it arises out of a Decree of Dissolution. Debtor filed an objection to Burns' claim of a lien on Debtor's homestead, arguing that Burns' claim against Debtor is unsecured. Debtor argues that the Decree of Dissolution did not grant Burns a lien on Debtor's homestead.

Debtor also argued that even if the Decree of Dissolution created a lien on Debtor's homestead, he is entitled to a set-off for amounts Burns has not paid for insurance which the Decree ordered. However, Debtor did not allege a right to set-off in the pleadings and therefore Burns was not prepared to argue the issue at the hearing. The Court requested that Debtor file a motion alleging set-off and Burns file a response to that motion. Currently, neither Debtor nor Burns have filed anything further, therefore the Court will not consider Debtor's set-off argument at this time.

## CONCLUSIONS OF LAW & ANALYSIS

### I.     Existence of a Lien

"Judgments in the . . . courts of this state . . . are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all the defendant may subsequently acquire, for the period of ten years from the date of the judgment." Iowa Code § 624.23. Decrees of dissolution are judgments and therefore create automatic liens against real estate owned by the judgment debtor under § 624.23. In re Heeren, 324 B.R. 733, 736 (Bankr. N.D. Iowa 2005) (citing Iowa Code § 624.23(1); Baratta v. Polk County Health Serv. Inc., 588 N.W.2d 107,

3

108–10 (Iowa 1999)). Under Iowa law, decrees of dissolution can create a statutory judgment lien, a judicial lien, or both. Id. A statutory **judgment lien** is "a final, valid and subsisting judgment, by a duly authorized court, for payment of a defined and certain amount." Id. (citing Iowa Code § 624.23(1); Schuling v. Tilley, 454 N.W.2d 899, 900 (Iowa App. 1990)). A court can also implement a **judicial lien**, which is an equitable remedy that acts as an "automatic lien on real estate even if the predicate conditions for a judgment lien do not exist." Id. (quoting Fed. Land Bank v. Boese, 373 N.W.2d 118, 121 (Iowa 1985)). Silence in a judgment cannot grant a judicial lien. Id.

In Heeren, this court examined a divorce decree that explicitly provided a lien on a homestead for unpaid state and federal income tax, but did not similarly provide for a lien on an award to the spouse. Id. The court determined that the district court judgment provided a judicial lien for the tax award, but that the judgment only provided a judgment lien for the spouse's award. Id.

In this case, the Court must first "determine the type of lien, if any, imposed upon Debtor's property by the dissolution court's [$15,000] award in the divorce decree." Id. The Decree of Dissolution, incorporating the Stipulated Agreement, is a "final, valid and subsisting judgment, by a duly authorized court, for payment of a defined and certain amount" of $15,000. Id. (quoting Iowa Code § 624.23(1)). Therefore the judgment gives Burns a judgment lien for $15,000. Id. However, Burns' lien is not also a judicial lien because the district court's judgment does not

explicitly state that Burns has a judicial lien. Since the district court's silence cannot create a judicial lien, Burns has a judgment lien, but not a judicial lien.

## II.     Attachment to Debtor's Homestead

Judgment liens cannot attach to property designated as a homestead under Iowa Code § 561.1. Iowa Code § 624.23(2). However, an exception to this rule allows liens to attach to a homestead where there is a "special declaration of statute" allowing for it. In re Heeren, 324 B.R. at 736 (citing Iowa Code § 561.16). The Iowa Supreme Court has ruled that Iowa Code § 598.21—the statute giving courts the power to equitably divide property in a dissolution—qualifies as a "special declaration of statute." Id. (citing Kobriger v. Winter, 263 N.W.2d 892, 894 (Iowa 1978)). However, in Heeren this court ruled that this "special declaration of statute" only covers judicial liens implemented to equitably divide assets in a dissolution, not statutory judgment liens from dissolution decrees. Id. Therefore, a judicial lien granted to divide property qualifies as a "special declaration of statute" and can defeat the bar on liens attaching to homesteads. Id. However, since there is no "special declaration of statute" for a statutory judgment lien, a statutory judgment lien cannot override the homestead exemption. Id. ("However, this judgment does not create a lien on Debtor's homestead as it does not constitute a judicial lien created under a "special declaration of statute.").

Under Iowa Code § 624.23(1), Burns' judgment lien attaches to all real estate owned by Debtor. The parties do not dispute that the property at issue

5

qualifies as Debtor's homestead. Therefore, Debtor's property is exempt from Burns' judgment lien unless there is a "special declaration of statute" to the contrary. In re Heeren, 324 B.R. at 736. There is no "special declaration of statute" for statutory judgment liens, therefore Burns' lien cannot attach to Debtor's homestead. Id.

## CONCLUSION

The Court concludes that Burns does not have a lien on Debtor's homestead. Therefore, Burns' Objection to Debtor's Claim of Homestead Exemption is denied. Additionally, Debtor's Objection to Proof of Claim #6 is sustained to the extent that Burns alleges her claim from the Divorce Decree judgment is secured by Debtor's homestead.

**IT IS HEREBY ORDERED** that the Objection to Debtor's Homestead Exemption is **DENIED**. Debtor's Objection to Proof of Claim #6 is **SUSTAINED**.

Dated and Entered:
October 21, 2013

_____
**THAD J. COLLINS, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT**